UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TATE PROWS,
    Plaintiff,

    v.

CITY OF OXFORD, *et al.*,
    Defendants.

Case No. 1:22-cv-693
Cole, J.
Litkovitz, M.J.

**ORDER**

On February 6, 2023, following a February 3, 2023 telephone status conference with the parties, the Court issued an Order setting a briefing schedule with respect to plaintiff's motion to strike, in part, defendants' answer to plaintiff's amended complaint (Doc. 19) and plaintiff's motion to stay his time to respond to defendants' Rule 12(c) motion (Doc. 23). (Doc. 24, PAGEID 309 at ¶¶ 1-2). The Court also stayed further briefing on defendants' Rule 12(c) motion (Doc. 20) pending disposition of these motions (Docs. 19, 23). (Doc. 24, PAGEID 309 at ¶ 5). Finally, the Court granted defendants' motion to stay proceedings (e.g., discovery) (Doc. 21) based on plaintiff's lack of objection thereto. (Doc. 24, PAGEID 309 at ¶¶ 3-4).

Shortly after the entry of the Order, plaintiff filed several motions. First, plaintiff filed a motion to convert defendants' Rule 12(c) motion into a motion for summary judgment. (Doc. 27). Next, plaintiff filed a motion for relief from the Order under Rule 60(b). (Doc. 28). Next, plaintiff filed a motion to amend complaint. (Doc. 34). Finally, plaintiff filed a motion to withdraw his motion to stay his time to respond to defendants' Rule 12(c) motion. (Doc. 36).[1] Given that these filings were not contemplated during the February 3, 2023 conference,

---

[1] Prior to this motion, plaintiff had also filed a response to defendants' Rule 12(c) motion (Doc. 33), which is contrary to the Order. (*See* Doc. 24, PAGEID 309 at ¶ 5).

memorialized by the Court's Order, defendants have now asked the Court for clarification on how to proceed. (Doc. 35).

First, plaintiff's motion to withdraw his motion to stay his time to respond to defendants' Rule 12(c) motion (Doc. 36) is granted. As such, the Court concludes that the portion of its prior Order that stayed further briefing on defendants' motion for judgment on the pleadings is moot. (*See* Doc. 24, PAGEID 309 at ¶ 5). Second, plaintiff's reply memoranda, if any, in support of his motion to convert defendants' Rule 12(c) motion into a motion for summary judgment (Doc. 27) and his Rule 60(b) motion (Doc. 28) shall be filed no later than ten days from the entry of this Order.[2]

Third, plaintiff's motion to amend complaint (Doc. 34) fails to attach a proposed amended complaint. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Normally, a party seeking an amendment should attach a copy of the amended complaint.") (finding no abuse in discretion in denying leave to amend where the plaintiffs "did not present an adequate motion and because they did not attach a copy of their amended complaint"). Nevertheless, the possibility of a second amended complaint/amended answer bears upon both this Court's consideration of plaintiff's motion to strike (Doc. 19) and District Judge Cole's consideration of defendants' Rule 12(c) motion (Doc. 20). As such, the Court finds that a just and efficient use of judicial resources requires the initial and timely disposition of plaintiff's motion to amend complaint. To aid the Court with this disposition and tailor such disposition to the merits, plaintiff shall amend his motion to amend complaint (Doc. 34) to include a proposed second amended complaint. *Cf. Slay v. IB Travelin, Inc.*, No. 2:18-cv-02728,

---

[2] Because plaintiff's motion to convert defendants' Rule 12(c) motion into a motion for summary judgment is intertwined with defendants' Rule 12(c) motion, District Judge Cole will rule on both of these motions (Docs. 20, 27).

2021 WL 2144333, at *5 (W.D. Tenn. May 26, 2021) (citing *Foman v. Davis*, 371 U.S. 178, 181 (1962) (the spirit of the Federal Rules of Civil Procedure expresses a preference for resolution of cases on the merits and requires liberal amendment allowances rather than deciding cases on technicalities or pleading errors); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (discussing the "general preference" for decisions on the merits when describing the standard of review for decisions not to set aside default judgments)).

In view of the foregoing, defendants' motion to clarify (Doc. 35) is **GRANTED** as explained herein, and the Court **ORDERS** as follows:

1. Plaintiff's motion to withdraw his motion to stay his time to respond to defendants' Rule 12(c) motion (Doc. 36) is **GRANTED**, the motion (Doc. 23) is **WITHDRAWN**, and the Court's prior Order staying briefing on defendants' Rule 12(c) motion (Doc. 24) is therefore **MOOT to that extent**.

2. Plaintiff's reply memoranda, if any, in support of his motion to convert defendants' Rule 12(c) motion into a motion for summary judgment (Doc. 27) and his Rule 60(b) motion (Doc. 28) shall be filed within **TEN DAYS** of the entry of this Order.

3. Within **SEVEN** days of the entry of this Order, plaintiff shall amend his motion to amend complaint (Doc. 24) to include a proposed second amended complaint, with responsive briefing to occur in the timeframes set forth in S.D. Ohio Civ. R. 7.2(a)(2).

4. Except to the extent explained above, the Court's prior Order (Doc. 24) remains in effect and discovery remains stayed. Upon disposition of the

pending motions, if warranted, the Court will set a telephone conference with the parties and enter a scheduling order.

**IT IS SO ORDERED.**

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge